UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RICO RANARD HURDLE,

    Petitioner,

v.                                        Civil No. 2:16cv112
                                            Criminal No. 2:14cr140

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Rico Ranard Hurdle's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 43. Petitioner's § 2255 motion contains a single claim asserting that defense counsel was ineffective for failing to challenge a Guidelines sentencing enhancement premised on Petitioner's possession of a firearm. Before this Court ruled on such motion, pro se Petitioner filed a second § 2255 motion, which is construed by this Court as a request to amend Petitioner's pending § 2255 motion to add a claim challenging Petitioner's status under the federal sentencing Guidelines as a "career offender," in reliance on Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 52. After receiving such § 2255 amendment, this Court ordered the Government to file a supplemental answer addressing the Johnson claim; however, prior to filing such response, the Government moved for a stay of this § 2255 action. ECF No. 54. This Court

subsequently entered a stay in this case pending the Supreme Court's resolution of Beckles v. United States, which was decided on March 6, 2017. Beckles, 137 S. Ct. 886 (2017).

Immediately prior to the Supreme Court's issuance of its Beckles decision, Petitioner submitted an (unsigned) motion seeking a ruling on his pending § 2255 motion. ECF No. 56. Shortly after Beckles was decided, Petitioner filed a "Notice of Voluntary Dismissal," which appears to be limited to pursuing dismissal of Petitioner's Johnson claim advanced in his amended § 2255 filing. ECF No. 57.[1] For the reasons set forth below, the relief requested in Petitioner's original § 2255 filing is **DENIED** on the merits, and the relief requested in Petitioner's amended § 2255 filing is deemed **WITHDRAWN** by Petitioner.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner was charged in a two-count indictment with Possession with the Intent to Distribute Cocaine (Count One) and being a Felon in Possession of a Firearm (Count Two). ECF No. 1. Pursuant to a written plea agreement, Petitioner pled guilty to the drug trafficking offense charged in Count One. ECF No. 15. Although Count Two of the indictment was ultimately dismissed by the Government, at sentencing, Petitioner was attributed with a two-level firearm enhancement under the

---

[1] Earlier this month, Petitioner filed a separate motion asking this Court to make a sentencing recommendation to the Bureau of Prisons, ECF No. 58, and he also has a § 2241 petition pending in a separate case. Civ. No. 2:16cv510. Such separate matters will be addressed by separate Order.

advisory sentencing Guidelines. Such enhancement was not objected to by defense counsel, although it must be noted that, because Petitioner's "career offender" offense level under Chapter Four of the Guidelines <u>far exceeded</u> his Chapter Two offense level that took the firearm into consideration, Petitioner's advisory Guideline range <u>was not increased</u> due to the attribution of the firearm.

Prior to sentencing, defense counsel submitted a position paper highlighting the fact that Petitioner had admitted the conduct in the "Statement of Facts" and fully accepted responsibility for his unlawful acts. ECF No. 26, at 4. Defense counsel further argued for a variance sentence below the low-end of the advisory Guideline range in light of the fact that the career offender Guideline increased Petitioner's recommended sentence by several fold. <u>Id.</u> Over the Government's objection, the Court imposed a variance sentence more than two and a half years below the low-end of the advisory Guideline range, noting among several reasons for the variance Defendant's acceptance of responsibility. ECF No. 30.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance

of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding

claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion, see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06, (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused

the petitioner prejudice. Id. at 687-88. "Vague and conclusory allegations contained in a § 2255 petition" are insufficient to carry a petitioner's burden under Strickland, and such allegations may therefore "be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quotation marks and citation omitted).

Satisfying the first prong of Strickland requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. A petitioner's showing of

deficient performance must therefore go beyond establishing that counsel's performance was below average, because "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. As recently reiterated by the Fourth Circuit, the "basic lesson" of Strickland is not just deference, but high deference, and attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim." United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014) (citations omitted).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the court need not evaluate the other prong. Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).

### III. DISCUSSION

#### A. Ineffective Assistance - Firearm Enhancement

Petitioner's § 2255 motion asserts that defense counsel was ineffective for failing to challenge the firearm enhancement

7

applied at sentencing because, among other things: (1) the gun found at Petitioner's residence was registered to Petitioner's wife; (2) the gun was found on the second floor of the residence and the drugs were found on the first floor; (3) Petitioner's wife was prepared to testify that the gun was hers and that Petitioner never touched it; (4) Petitioner's wife had previously testified in another court that the gun was hers and Petitioner's fingerprints had never been recorded on it; and (5) the gun charge against Petitioner was "dismissed," purportedly as a result of a "review of the evidence." ECF No. 43, at 4.

Notwithstanding such arguments, Petitioner's § 2255 claim asserting that defense counsel was constitutionally deficient for failing to challenge the firearm enhancement fails for several independent reasons. First and foremost, Petitioner admitted the following facts, under oath, in conjunction with his guilty plea:

> 5. Detectives obtained a search warrant for HURDLE's house, which was executed that same day, May 1st, 2014. Upon executing the warrant, detectives discovered <u>three individual baggies of cocaine in the kitchen cabinet, totaling 38.42 grams. In that same cabinet, detectives found ammunition</u>, multiple boxes of sandwich baggies, and paperwork bearing HURDLE's name. Elsewhere in the kitchen, detectives discovered a large amount of money, several bags of marijuana, and a digital scale with cocaine residue on it.
>
> 6. Elsewhere in the house, detectives found three additional digital scales with marijuana residue on them, large sums of money, ammunition, and marijuana. <u>In the master bedroom, detectives saw a Ruger 9mm</u>

8

> *pistol on the bed, surrounded by a large amount of cash.* In all, $3,055 in cash was found in HURDLE's house.
>
> 7. While the search warrant on HURDLE's house was being executed, HURDLE was speaking to detectives. HURDLE told detectives that he had purchased two ounces of cocaine two or three days prior for $1,300 an ounce. HURDLE admitted to selling cocaine and said that he makes $50-$100 off what he sells. HURDLE also indicated that he sells marijuana, and that he makes about $200-$300 off of that. *While HURDLE claimed that the firearm was not his, he did admit to touching the gun and conceded that his fingerprints would be on it.*

Statement of Facts 2-3, ECF No. 16 (emphasis added). In light of the above sworn admissions, Petitioner plainly fails to demonstrate that counsel performed deficiently by choosing not to challenge the attribution of the firearm. Notably, Petitioner's newly advanced facts based on testimony his wife is purportedly prepared to provide expressly contradicts Petitioner's prior sworn statements, and such proffered facts are therefore deemed frivolous and/or false. See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005) (explaining that because a petitioner's prior sworn declarations at the guilty plea hearing "carry a strong presumption of verity," except in extraordinary circumstances, contradictory allegations advanced in a § 2255 motion "are always palpably incredible and patently frivolous or false") (quotation marks and citations omitted).

Second, even if it is assumed that Petitioner did not "own" the gun and further assumed that he never touched it, such facts

9

are still insufficient to demonstrate constitutionally deficient performance as Petitioner's § 2255 arguments fail to recognize that it is Petitioner's demonstrated <u>ease of access to the firearm</u> that was critical to the Guidelines enhancement, not the legal ownership, or his prior handling, of the gun. See United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010) (explaining that "proof of constructive possession of the dangerous weapon is sufficient" to support the Guideline enhancement, and that "so long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity <u>or the drugs and cash involved in the drug business</u>, there will be sufficient evidence to connect the weapon to the offense conduct") (emphasis added) (quotation marks and citations omitted). Here, in light of the fact that the firearm was found lying on the bed in the master bedroom and ammunition was found in the same first-floor cabinet as cocaine packaged for sale, and (even if it is assumed he never touched the gun notwithstanding his contrary admission) in light of Petitioner's apparent knowledge of the presence of the gun in the home, defense counsel plainly made a reasonable strategic decision not to raise an objection. Such finding is bolstered by the fact that this is a case where defense counsel relied on Petitioner's complete acceptance of responsibility and focused on seeking (and did in fact obtain) a downward variance. The

risk of losing a three-level credit for acceptance through a factual challenge to the attribution of the firearm[2], and/or the risk of receiving a lesser variance as a result of advancing a weak objection susceptible to being viewed by the Court as falsely minimizing Petitioner's culpability, plainly supported counsel's strategic decision not to challenge the firearm. Cf. Mason, 774 F.3d at 830 (explaining that because counsel's role is to "exercise professional judgment, which often involves setting priorities," attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim") (citations omitted). Moreover, in making a "hindsight" review of the risk vs. reward of raising such an objection, it is important to reiterate that the firearm in this case had no direct impact on Petitioner's Guideline range. Rather, it only had the potential to have negative collateral consequences regarding the sentence calculation made by the Bureau of Prisons ("BOP") if, in the future, Petitioner successfully completed certain BOP rehabilitative programs. For these reasons, Petitioner fails to demonstrate that defense counsel's alleged "omissions were outside the wide range of professionally competent assistance" such that "counsel was not

---

[2] Petitioner's current contention, despite his contrary admission in the Statement of Facts, is that he never touched the gun, and is "actual[ly] innocen[t] of the gun enhancement." ECF No. 50, at 1.

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 690.

In addition to failing to demonstrate constitutionally deficient performance, Petitioner fails to demonstrate Strickland prejudice. As noted above, and as conceded by Petitioner in his reply brief, ECF No. 50, the firearm had no bearing on Petitioner's advisory Guideline calculation in light of his career offender status. While Petitioner is correct that the attribution of the firearm had the potential to have negative contingent consequences depending on whether he completed certain BOP programs in the future, Petitioner still fails to demonstrate Strickland prejudice because he falls far short of establishing a "reasonable probability" that an objection to the firearm, if advanced at the time of sentencing, would have been sustained. Strickland, 466 U.S. at 693-94; see Grueninger v. Dir., Virginia Dep't of Corr., 813 F.3d 517, 530 (4th Cir. 2016) (discussing the standard applicable when an attorney fails to file a motion to suppress, indicating that the Strickland prejudice analysis considers whether such a motion is "meritorious" such that it "likely would have been granted" had it been advanced by counsel). Notably, Petitioner admitted to detectives, and further acknowledged while under oath at the time of his guilty plea, that he had previously touched his wife's gun and that his fingerprints would be on it. Moreover,

even if Petitioner had never touched the gun, the fact that he both knew of its presence in the home and the fact that it was found in the open in the master bedroom (near a large amount of cash), is facially sufficient to support the Guideline enhancement, particularly when drugs packaged for sale <u>and ammunition</u> were found in the same cabinet in the same residence. Petitioner's § 2255 motion therefore fails to undermine confidence in the outcome, as any motion challenging the firearm enhancement would likely have been denied. Because Petitioner's ineffective assistance claim fails as to both prongs of <u>Strickland</u>, it is **DENIED**.

## B. <u>Johnson</u> Claim

On June 10, 2016, subsequent to the filing of his § 2255 motion challenging counsel's handling of the firearm enhancement, <u>pro se</u> Petitioner filed an amendment to his § 2255 motion. ECF No. 52. Such amended/supplemental filing relied on <u>Johnson</u> to challenge Petitioner's classification at sentencing as a "career offender." On March 6, 2017, the Supreme Court issued its opinion in <u>Beckles</u>, concluding that unlike the Armed Career Criminal Act analyzed in <u>Johnson</u>, the "advisory [sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause." <u>Beckles</u>, 137 S. Ct. at 890. In response to such holding, Petitioner filed a notice of voluntarily dismissal of his <u>Johnson</u> claim. ECF No. 57.

13

Because the Government has not filed an answer, motion, or other pleading responding to Petitioner's § 2255 Johnson claim, and because Petitioner has pursued and received a merits-ruling on his ineffective assistance § 2255 claim, Petitioner's efforts to withdraw his Johnson claim under Federal Rule of Civil Procedure 41(a)(1)(A)(i) do not appear to conflict with the limitations on successive § 2255 petitions set forth in 28 U.S.C. § 2255(h). See R. Gov. § 2255 Proc. for U.S. Dist. Cts. 12 (indicating that the Federal Rules of Civil Procedure "may be applied" to § 2255 cases to the extent such rules "are not inconsistent" with any relevant statutory provisions or the § 2255 Rules themselves).[3] Petitioner's withdrawal of his Johnson claim is therefore viewed by this Court as self-executing. See Jackson v. United States, 245 F. App'x 258, 259 (4th Cir. 2007) (explaining that voluntary dismissal of a § 2255 motion "[b]efore the Government answered or filed a motion" is self-executing under Rule 41(a)(1)(A)(i) and is "'effective at the moment the notice is filed with the clerk'" (quoting In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005))).[4] Because such

---

[3] By pursuing, and receiving, a merits ruling on his ineffective assistance claim, any future § 2255 motion filed by Petitioner will almost certainly qualify as "second or successive" under § 2255(h).

[4] Petitioner's notice of voluntary dismissal asks this Court to "affirm the dismissal of [Petitioner's Johnson] claim without prejudice" so that Petitioner is permitted to pursue relief based on future Supreme Court decisions. ECF No. 57. Petitioner's withdrawal, however, is self-executing, and this Court therefore lacks authority to "affirm" such

14

withdrawal is self-executing, this Court "lacks authority to conduct further proceedings on the merits" of Petitioner's Johnson claim.[5] In re Matthews, 395 F.3d at 480 (citations omitted).

## IV. CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion challenging defense counsel's performance is **DENIED** on the merits. ECF No. 43. Petitioner's amended § 2255 motion advancing a Johnson claim has been **WITHDRAWN** by Petitioner and no further ruling by this Court is required, or permitted. ECF No. 52. Petitioner's motion seeking a ruling on his § 2255 motion is **DISMISSED as moot**. ECF No. 56.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Petitioner is **ADVISED** that, because this Court has denied a certificate of

---

withdrawal, with or without prejudice. That said, to the extent future Supreme Court rulings constitute new substantive decisions made retroactive to cases on collateral review (similar to the holding in Johnson), Petitioner retains the ability to petition the Fourth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.

[5] Alternatively, to the extent that Petitioner's recent filing is not self-executing, the Court **DISMISSES** Petitioner's § 2255 Johnson claim as untimely and **DENIES** it on the merits as the Supreme Court's holding in Beckles conclusively demonstrates that Petitioner cannot rely on Johnson to attack his status as a career offender under the Guidelines.

appealability, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Opinion and Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 27, 2017